IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-01794-PAB-GPG

CYNTHIA SMITH,

    Plaintiff,

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

    Defendant.

---

# ORDER

---

This matter is before the Court on Defendant's Motion for Partial Dismissal and to Strike [Docket No. 10]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

This case arises out of defendant's denial of plaintiff's claim for long-term disability benefits. Plaintiff worked for Valley View Hospital as a Professional Billing Director from 1989 to 2001 and from 2007 to 2016. Docket No. 1 at 2, ¶¶ 8-9. On April 13, 2016, she left her employment with the hospital when she was no longer able to perform the duties of her position. *Id.*, ¶ 9.

During her employment, plaintiff was a participant in the Valley View Hospital Group Disability Plan (the "Plan"). *Id.*, ¶¶ 11-12. The Plan included a Group Disability Income Policy, which provided long term disability benefits to eligible employees of

---

[1]The facts stated below are taken from plaintiff's complaint, Docket No. 1, and are presumed to be true for purposes of this motion to dismiss.

Valley View Hospital. *Id.*, ¶ 13. Defendant was the claim administrator of the Plan as well as the insurer and underwriter of the long term disability policy. *Id.* at 3, ¶¶ 17-18. Under the terms of the policy, defendant was required to pay plaintiff 60% of her basic monthly earnings in the event that she became disabled while the Plan was in effect. *Id.* at 2, ¶ 14.

In August 2015, plaintiff underwent surgery for a tear in her right rotator cuff and for carpal tunnel in her right hand. *Id.* at 3, ¶ 20. Although plaintiff initially returned to work on a limited basis, it became clear by December 2015 that her right hand was not healing properly. *Id.* at 3-4, ¶¶ 21-22. Despite follow-up surgery, the effects of the two surgeries and the nerve damage in plaintiff's hand became so severe that she could no longer perform her job. *Id.*, ¶ 26. Plaintiff's treating physicians certified that she had permanent restrictions preventing her from performing full-time work. *Id.*, ¶ 27. After leaving her job on April 13, 2016, plaintiff applied for long term disability benefits under defendant's long term disability policy. *Id.*, ¶¶ 27-28. Plaintiff informed defendant that she was unable to perform her own occupation because she could not use her right hand without pain and had little sensation in two of her fingers and her thumb. *Id.*, ¶ 28. On August 31, 2016, defendant informed plaintiff that she did not qualify as being disabled under the policy and was therefore ineligible for long term disability benefits. *Id.*, ¶ 29. In reaching that determination, defendant failed to consider the nerve damage underlying plaintiff's disability claim. *Id.*, ¶ 30. In addition, defendant's August 31, 2016 letter "misled [plaintiff] regarding the information she needed to submit with her internal appeal and failed to explain what [plaintiff] needed to do to 'perfect' her

appeal." *Id.* at 5, ¶ 33.

Plaintiff submitted an internal appeal of her disability claim on September 7, 2016. *Id.*, ¶ 35. In response to the appeal, defendant hired an orthopedic surgeon to review plaintiff's medical records. *Id.*, ¶ 36. The surgeon concluded, based on plaintiff's records, that there was "clear documentation of median nerve deficits" and that certain restrictions were appropriate. *Id.*, ¶ 37. On August 5, 2016, defendant upheld the denial of plaintiff's disability claim. *Id.* at 6, ¶ 39.

Plaintiff filed this lawsuit on July 25, 2017, asserting two claims under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*: (1) a claim under section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), for benefits owed under the terms of defendant's long term disability policy; and (2) a claim under section 502(a)(3), 29 U.S.C. § 1132(a)(3), for breach of fiduciary duties. *Id.*[2] On September 5, 2017, defendant filed a motion to dismiss plaintiff's breach of fiduciary duty claim under Fed. R. Civ. P. 12(b)(6). Docket No. 10.[3] Plaintiff filed a response to the motion on September 27, 2017, Docket No. 22, to which defendant replied on October 10, 2017. Docket No. 24. Since the parties completed briefing on the motion to dismiss, they have filed several notices of supplemental authority. *See* Docket Nos. 43, 45, 47, 48, 57. The Court will consider these supplemental filings along with the

---

[2] Throughout the remainder of this order, the Court will refer to plaintiff's claims by their statutory citations, §§ 1132(a)(1)(B) and 1132(a)(3).

[3] Defendant also moved to strike plaintiff's request for a jury trial. Docket No. 10 at 11-12. On November 1, 2017, however, the parties filed a stipulation agreeing to a non-jury trial, Docket No. 27, thereby mooting defendant's request to strike plaintiff's jury demand.

parties' briefs in resolving defendant's motion to dismiss.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alteration marks omitted ).

## III. ANALYSIS

Defendant moves to dismiss plaintiff's breach of fiduciary duty claim on the ground that plaintiff's first claim for relief, which is brought under 29 U.S.C.

§ 1132(a)(1)(B), provides the exclusive remedy for the improper denial of her disability benefits. Docket No. 10 at 2.

Section 1132 of Title 29 prescribes ERISA's civil enforcement scheme. Two provisions of that scheme are relevant here. Section 1132(a)(1)(B) authorizes a participant or beneficiary of an insurance plan governed by ERISA to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Section 1132(a)(3) permits a participant, beneficiary, or fiduciary of an ERISA benefits plan to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter." *Id.*, § 1132(a)(3).[4] In *Varity Corp. v. Howe*, 516 U.S. 489 (1996), the Supreme Court explained that § 1132(a)(1)(B) "focus[es] upon [a] specific area[]," providing a "remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims," while § 1132(a)(3) is a "catchall" provision that affords "'appropriate equitable relief' for 'any' statutory violation." *Id.* at 512. In other words, § 1132(a)(3) "act[s] as a safety net . . . for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy." *Id.* The Supreme Court further cautioned, however, that "where Congress elsewhere provided adequate relief for a beneficiary's injury," additional equitable relief under § 1132(a)(3)

---

[4]A fiduciary's responsibilities with respect to an ERISA benefits plan are set forth in 29 U.S.C. § 1104. For example, § 1104 requires a fiduciary to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a)(1).

5

"normally would not be 'appropriate.'" *Id.* at 515.

The Tenth Circuit has interpreted *Varity* as authorizing dismissal of a § 1132(a)(3) claim when a denial-of-benefits claim under § 1132(a)(1)(B) affords adequate relief. In *Lefler v. United Healthcare of Utah, Inc.*, 72 F. App'x 818 (10th Cir. 2003) (unpublished), the Tenth Circuit affirmed the district court's grant of summary judgment in favor of the defendant on the plaintiffs' § 1132(a)(3) claim, stating that "consideration of a claim under [that provision] is improper when [a plaintiff] states a cognizable claim under [§ 1132(a)(1)(B)]." *Id.* at 826. Although *Lefler* does not mandate the dismissal of parallel § 1132(a)(3) claims at the pleadings stage, district courts in this Circuit have relied on *Varity* and *Lefler* to dismiss § 1132(a)(3) claims that are duplicative of denial-of-benefits claims under § 1132(a)(1)(B). *See, e.g.*, *Sliwinski v. Aetna Life Ins. Co.*, No. 17-cv-01528-RM-MEH, 2017 WL 4616599, at *7 (D. Colo. Oct. 16, 2017) (report and recommendation adopted) (dismissing breach of fiduciary claim where wrongful denial of benefits claim afforded adequate relief); *Holbrooks v. Sun Life Assurance Co. of Canada*, 2012 WL 2449850, at *2 (D. Kan. June 26, 2012) (finding that relief under § 1132(a)(3) was not authorized because plaintiff had asserted a colorable claim under § 1132(a)(1)(B)); *see also Moore v. Berg Enter., Inc.*, 201 F.3d 448, 1999 WL 1063823, *2 n.2 (10th Cir. 1999) (unpublished table decision) (relying on *Varity* to hold that, "under the undisputed circumstances of th[e] case, [the plaintiff was] not entitled to repackage his denial of benefits claim as a claim for breach of fiduciary duty and seek relief under section 1132(a)(3)" (internal quotation marks, citation, ellipsis, and bracket omitted)). Defendant argues that such is the case here because

6

plaintiff's breach of fiduciary duty claim is based "on an allegedly defective or conflicted claim process" that is properly remedied under § 1132(a)(1)(B). Docket No. 10 at 6. The Court disagrees.

In *Faltermeier v. Aetna Life Insurance Co.*, 2015 WL 3440479 (D. Kan. May 28, 2015), the court granted the plaintiff leave to amend his complaint to add a claim under § 1132(a)(3) based on the defendant's failure to consider certain medical evidence in ruling on the plaintiff's internal appeal. *Id.* at *1-2. The court acknowledged the case law prohibiting duplicative claims, but reasoned that the present case was distinguishable because the plaintiff's "argument [was] that if the Court determine[d] that Defendant's denial was not arbitrary and capricious based on the Court's review of the documents contained in the administrative record, then he [would have] a separate cause of action for breach of fiduciary duty arising out of Defendant's exclusion of relevant medical evidence from the administrative record." *Id.* at *2.[5]

Likewise, in this case, plaintiff alleges that defendant misinformed her regarding the information she needed to submit with her internal appeal. *See* Docket No. 1 at 5, ¶ 33. Thus, even assuming that both of plaintiff's claims rest on a single injury, the wrongful denial of benefits, plaintiff's allegations support a plausible claim that

---

[5]Importantly, the court noted that review under § 1132(a)(1)(B) is limited to the documents contained in the administrative record. *See id.* at *2 n.19; *see also Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1157 (10th Cir. 2010) (reiterating general rule that, "in reviewing a plan administrator's decision under the arbitrary and capricious standard, the federal courts are limited to the administrative record" (internal quotation marks omitted)). *But see Rutherford v. Hartford Life & Accident Ins. Co.*, 2015 WL 13651178, at *8 & n.3 (D.N.M. Sept. 14, 2015) (finding, based apparently on defendant's concession, that the court could consider the improper exclusion of medical evidence from the administrative record as part of its review of plaintiff's denial-of-benefits claim).

7

defendant's fiduciary breach resulted in the exclusion of relevant medical evidence from the administrative record. If that is the case, plaintiff might not be able to demonstrate that defendant abused its discretion in denying disability benefits under § 1132(a)(1)(B); however, she may be entitled to equitable relief on the theory that defendant's breach prevented her from adequately substantiating her benefits claim. *See Faltermeier*, 2015 WL 3440479, at *2; *cf. Silva v. Metropolitan Life Ins. Co.*, 762 F.3d 711, 721-22, 727-28 (8th Cir. 2014) (finding that plaintiff was entitled to pursue alternative claim under § 1132(a)(3) on the theory that defendant's failure to properly inform plaintiff's son of the requirements for enrolling in life insurance policy prevented son from enrolling in the policy). The Court agrees with *Faltermeier* that *Varity* does not bar the pleading of parallel claims in this context.

Defendant argues that "a parallel [§ 1132(a)(3)] claim can only be brought where it is based on a separate set of facts demonstrating a fiduciary breach that occurred *outside* of the claim process." Docket No. 10 at 6. However, the Court does not view the relevant rule as being so limited. The question is not whether the breach occurred during the claims process, but whether plaintiff's § 1132(a)(1)(B) claim will provide adequate relief. Given plaintiff's allegations, the Court is unable to make such an assessment at this stage of the proceedings. *See N.Y. State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*, 798 F.3d 125, 134 (2d Cir. 2015) (reversing dismissal of § 1132(a)(3) claim on the ground that it was not clear at the motion-to-dismiss stage of the litigation whether plaintiff's claims under § 1132(a)(3) were "in effect repackaged claims" under § 1132(a)(1)(B)); *Silva*, 762 F.3d at 727 ("At summary judgment, a court

8

is better equipped to assess the likelihood for duplicate recovery, analyze the overlap between claims, and determine whether one claim alone will provide the plaintiff with 'adequate relief.'"); *O'Dowd v. Anthem Health Plans, Inc.*, No. 14-cv-02787-KLM, 2015 WL 5728814, at *4-5 & n.8 (D. Colo. Sept. 30, 2015) (declining to dismiss § 1132(a)(3) claim on ground that court could not conclude, at the motion-to-dismiss stage, that claim was not cognizable as a matter of law); *Hancock v. Liberty Life Assurance Co. of Boston*, 2015 WL 12750281, at *5 (D.N.M. Aug. 24, 2015) (agreeing with Eighth Circuit in *Silva* that, "at the pleading stage, it is preferable to allow alternative pleading where it is not apparent that adequate recovery exists under § 1132(a)(1), and instead decline duplicative relief as necessary later in the case"); *see also* Fed. R. Civ. P. 8(a)(3), 8(d)(2) (allowing plaintiffs to plead multiple claims or seek different types of relief in the alternative).

The Court nevertheless finds it appropriate at this stage of the proceedings to dismiss certain forms of relief that plaintiff is claiming, including pre-litigation attorney's fees and damages for emotional pain and suffering. Plaintiff argues that the pre-litigation fees and non-economic harms that she has incurred as a result of defendant's conduct are injuries that cannot be remedied by a denial-of-benefits claim under § 1132(a)(1)(B). *See* Docket No. 22 at 6-7, 9-10. As one court has already recognized, however, the "relief [p]laintiff seeks is not available under either section of ERISA." *Sliwinski v. Aetna Life Ins. Co.*, No. 17-cv-01528-RM-MEH, Docket No. 41, at 5 (D. Colo. Mar. 2, 2018) (adopting report and recommendation). Section 1132(g)(1) governs the award of attorney's fees regardless of whether a claim is being brought under

9

§ 1132(a)(1)(B) or § 1132(a)(3). *See* 29 U.S.C. § 1132(g)(1) ("In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."). And several courts, including a court in this District, have determined that § 1132(g)(1) does not permit recovery of pre-litigation attorney's fees. *See Kahane v. UNUM Life Ins. Co. of America*, 563 F.3d 1210, 1215 (11th Cir. 2009) (joining the Second, Third, Fourth, Sixth, Eighth, and Ninth Circuits in holding that "§ 1132(g)(1) does not authorize awards for work done in pre-litigation administrative proceedings"); *LaSelle v. Pub. Serv. Co. of Colo.*, 988 F. Supp. 1348, 1352 (D. Colo. 1997) (finding, in ERISA action, that plaintiffs were "not entitled to recover attorneys' fees incurred in prosecuting the administrative phase of the proceedings"). As for plaintiff's "non-pecuniary harms such as grief, aggravation, inconvenience, [and] loss of the enjoyment of life," Docket No. 22 at 7, the Tenth Circuit has indicated that § 1132 does not permit recovery of non-economic damages. *See Myers v. Colgate-Palmolive Co.*, 26 F. App'x 855, 863 n.13 (10th Cir. 2002) (unpublished) (noting that damages for "humiliation and embarrassment" were "not cognizable under [§ 1132]"). Plaintiff does not cite any authority to the contrary. Thus, although the Court is unable to determine at this stage of the proceedings whether § 1132(a)(1)(B) will afford adequate relief for plaintiff's injuries, her requests for pre-litigation attorney's fees and damages for "non-pecuniary harms such as grief, aggravation, inconvenience, [and] loss of the enjoyment of life" under § 1132(a)(3), Docket No. 22 at 7, will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion for Partial Dismissal and to Strike [Docket No. 10] is **GRANTED** in part and **DENIED** in part.

DATED September 27, 2018.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge